## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: J.M.**

**No. 13-0269** (Mingo County 12-JA-34)

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Kathryn Cisco-Sturgell, from the Circuit Court of Mingo County, which terminated her parental rights to the subject child, J.M., by its order entered on February 12, 2013. The guardian ad litem for the child, Diana Carter Wiedel, filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Michael L. Jackson, also filed a response in support of the circuit court's order. Petitioner contends that the circuit court erroneously terminated her parental rights because the child is placed with a relative and petitioner was awarded post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2011, the DHHR filed the petition initiating this abuse and neglect case after it received a phone call from law enforcement that the subject child was in the care of his intoxicated great-grandmother. Upon arriving at the great-grandmother's home, the DHHR found the great-grandmother to be severely intoxicated and unable to effectively communicate due to her extreme belligerence and slurred speech. The child, nearly four years old at the time, reported that his great-grandmother had been drinking for two days and had let him try to smoke a cigarette. When contacted by authorities, petitioner indicated that she did not know how the child came to be at the great-grandmother's home or how long he had been there.

Throughout the course of these proceedings, petitioner was linked with services, but refused to enter into any inpatient substance abuse treatment programs. Petitioner denied having any issues with substance abuse, yet acknowledged that she had three convictions for driving under the influence. Following the dispositional hearing, the circuit court terminated petitioner's parental rights but granted post-termination supervised visitation under the supervision of the child's cousin, with whom he now resides and where adoption is anticipated. From the circuit court's termination order, petitioner appeals.

The Court has previously established the following standard of review:

1

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner's sole argument on appeal is that the circuit court erroneously terminated her parental rights because the child has been placed with a relative and the circuit court granted petitioner supervised visitation with the child. Petitioner further asserts that because she had begun to comply with the circuit court's orders, she was on the road to recovery and, therefore, the DHHR's evidence did not meet its burden of showing by clear and convincing proof that petitioner would be unable to protect or rear her own child. Both the guardian ad litem and the DHHR disagree and have responded in support of the circuit court's termination order.

Upon our review of the record, we find no error or abuse of discretion in the termination of petitioner's parental rights. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, -- W.Va. --, 743 S.E.2d 352 (2013). The record supports the circuit court's thorough findings that petitioner failed to benefit from the services provided to her and that the conditions of abuse and neglect necessitated the child's removal from the home. For instance, petitioner failed to enter inpatient substance abuse treatment and continued to drink alcohol regularly throughout the case. Additionally, shortly before her dispositional hearing, petitioner was incarcerated for a few days in Kentucky for her failure to appear at a hearing. The record and the circuit court's findings support its conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  October 1, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II